Filed 1/7/16  P. v. Hefner CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

|  |  |
|---|---|
| THE PEOPLE, | C078634 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF1485) |
| v. |  |
| GARY CHARLES HEFNER, |  |
| Defendant and Appellant. |  |

Appointed counsel for defendant Gary Charles Hefner has asked this court to review the record to determine whether there exist any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  We must remand the matter to the trial court with directions to prepare a new abstract of judgment that correctly shows all fines, fees, penalties, and assessments and the statutes under which they are imposed.  In all other respects, we shall affirm the judgment.

## I.  BACKGROUND

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

On January 5, 2014, at approximately 2:30 a.m., defendant and Mr. Brown were stopped by Yolo County Sheriff's Deputy Charles Hoyt after he observed them crossing the road in the middle of a dimly lit portion of West Capitol Avenue. Deputy Hoyt observed defendant grinding his jaw back and forth, something Deputy Hoyt recognized as a sign of narcotics use. Both men appeared nervous and were reaching into their pockets. Deputy Hoyt asked the men if they had any identification. Defendant provided his driver's license. Brown stated he did not have identification and told Deputy Hoyt his name and date of birth, but continued to reach into his pocket. Deputy Hoyt became concerned, asked him to stop, and asked both men if they had any weapons on their person. When Deputy Hoyt asked if he could pat them down for weapons, both men consented and defendant said he had a knife. As Deputy Hoyt began his pat-down search of defendant, Brown stated he had a methamphetamine pipe on him. Deputy Hoyt asked both men if they had anything else illegal on their person and then asked if he could search them for illegal items. Again, both men consented. Deputy Hoyt searched defendant and found a four-inch fixed blade knife under his shirt on his right hip, a utility razor blade knife in his left pants pocket, and an orange container containing methamphetamine in his right pants pocket.

Defendant was charged by information with felony possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)—count 1), and being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a)—count 2), a misdemeanor.

On November 13, 2014, the trial court heard and denied defendant's motion to suppress evidence, and reduced count 1 to a misdemeanor pursuant to Proposition 47.

Pursuant to a negotiated plea bargain, defendant entered a plea of no contest to count 1, a misdemeanor, in exchange for dismissal of count 2.

The trial court suspended imposition of sentence and placed defendant on three years of formal probation subject to specified terms and conditions. The court imposed

fees, fines, penalties, and assessments, including: a $50 criminal laboratory analysis fee plus a penalty assessment of $155 (Health & Saf. Code, § 11372.5); a "drug program fee not to exceed $150 plus a penalty assessment of $465, determined by ability to pay[] (Health and Safety Code section 11372.7)"; a $150 restitution fine (Pen. Code, § 1202.4, subd. (b)), "plus a processing fee of $15 for each case"; a $150 probation revocation fine, stayed pending successful completion of probation (Pen. Code, § 1202.44); "$170 as a fine plus $527 penalty assessment; plus a process fee of $35"; a $30 court construction fee (Gov. Code, § 70373, subd. (a)(1)); "up to $350 if convicted of a felony, or $275 if convicted of a misdemeanor" if defendant is "represented by the Yolo County Public Defender or other Court appointed counsel" (Pen. Code, § 987.8); and a $40 court operations assessment (Pen. Code, § 1465.8).

On March 2, 2015, defendant filed a notice of appeal of the court's denial of his motion to suppress.

On July 29, 2015, this court granted defendant's motion to amend the premature notice of appeal to a filing date of June 16, 2015, and construe it as timely.

## II. DISCUSSION

Counsel filed an opening brief that sets forth the facts of the case and requests that we review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

We have reviewed the record in its entirety and note the following error. The trial court's written order admitting defendant to probation sets forth the fees, fines, penalties, and assessments imposed. However, the order fails to identify the statutory bases for the $170 fine, the related $527 penalty assessment, and the $35 processing fee. "Although we recognize that a detailed recitation of all the fees, fines and penalties on the record may be tedious, California law does not authorize shortcuts." (*People v. High* (2004)

119 Cal.App.4th 1192, 1200.)  We remand the matter to the trial court to provide a detailed recitation of all fees, fines, penalties, and assessments on the record, including their amounts and statutory bases.

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

### III.  DISPOSITION

The matter is remanded to the trial court for further proceedings consistent with this opinion.  In all other respects, the judgment is affirmed.


/S/

_____
RENNER, J.


We concur:


/S/

_____
RAYE, P. J.


/S/

_____
NICHOLSON, J.

4